# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

<div style="display:flex; justify-content:space-between;">

**CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE**

**6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov**

</div>

April 15, 2025

## LETTER ORDER

RE:    *Perfvwaybelayouix v. Graham-Drake, et al.*
        DLB-25-272

Dear Counsel and Mr. Perfvwaybelayouix:

On November 27, 2024, Micheldeangelou Perfvwaybelayouix filed a copyright infringement case against Aubrey Graham-Drake and Universal Music Group ("UMG") in the Circuit Court of Maryland for Prince George's County. ECF 3. The defendants removed the case to this Court, ECF 1, and filed a motion to dismiss and for a prefiling injunction to prevent Perfvwaybelayouix from filing lawsuits raising the same claims against UMG or its affiliates in this Court in the future. ECF 6. For the reasons discussed below, the motion to dismiss is granted. The motion for a prefiling injunction is denied.

## I.    Background

On April 12, 2022, Perfvwaybelayouix filed a complaint for copyright infringement against Aubrey Graham-Drake, UMG, Republic Records, and OVO in the District of Columbia's United States District Court. *Perfvwaybelayouix v. Graham-Drake*, No. 22-1019-CKK, 2022 WL 17357231 (D.D.C. Dec. 1, 2022) ("*Perfvwaybelayouix I*"), *aff'd*, No. 22-7169, 2023 WL 4991334 (D.C. Cir. Aug. 4, 2023) (per curiam). He claimed the song "Way 2 Sexy" by Drake infringed the copyright of his song, "Reach for the Skies." *Id.* at *1. On December 1, 2022, Judge Kollar-Kotelly dismissed the case with prejudice. *Id.*

On November 27, 2024, Perfvwaybelayouix filed a copyright infringement case against Aubrey Graham-Drake and UMG in the Circuit Court of Maryland for Prince George's County. ECF 3. Again, he claimed Drake's "Way 2 Sexy" infringes the copyright of his song, "Reach for the Skies." *Id.* at 3–4. On January 29, 2025, the defendants removed the case to this Court. On February 5, 2025, they filed a motion to dismiss, arguing that claim preclusion bars Perfvwaybelayouix from raising this copyright claim against them. ECF 6-1, at 8; *see* ECF 6. They also ask the Court to enter a prefiling injunction to bar Perfvwaybelayouix from filing claims against them in this Court in the future without leave of Court. ECF 6; ECF 6-1, at 10. Perfvwaybelayouix opposes the motion. ECF 8. The defendants filed a reply. ECF 13. A hearing is not necessary. *See* Loc. R. 105.6(a).

## II.    Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). If an affirmative defense like *res judicata* "clearly appears on the face of the complaint," however, it may be raised as a basis for dismissal under Rule 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## III.    Res Judicata

Res judicata, also known as claim preclusion, "traditionally bars a party from asserting a claim in a later suit once a court has reached a final judgment on the merits of the same claim in an earlier suit." *E. Coast Repair & Fabrication, LLC v. United States ex rel. Dep't of Navy*, 16 F.4th 87, 90 (4th Cir. 2021). Under federal law, this doctrine applies when there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits." *T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 820 n.7 (4th Cir. 2022) (quoting *SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017)). "[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981) (quoting *Angel v. Bullington*, 330 U.S. 183, 190 (1947)). And, "dismissals with prejudice . . . are treated as final judgments on the merits for purposes of res

judicata." *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 99 F. Supp. 3d 610, 617 (D. Md. 2015) (quoting *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 (D. Md. 2009)). As for whether the causes of action are the same, the Court "asks 'whether the claim presented in the new litigation "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment"' and whether 'the claims could have been brought in the earlier action.'" *SAS Institute, Inc.*, 874 F.3d at 378 (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)). Privity measures the closeness of a relationship. *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). Ultimately, the defendants bear the burden of establishing the defense of *res judicata*.

The purposes of *res judicata*—sparing the expense and vexation of multiple lawsuits, conserving judicial resources, and minimizing the possibility of inconsistent judgments, *see Davis v. Wicomico Cnty. Bureau*, 135 A.3d 419, 422 (Md. 2016)—is served by its application in this case. In *Perfvwaybelayouix I* and this case, Perfvwaybelayouix brought claims against Aubrey Graham-Drake and UMG for infringing the copyright of his song, "Reach for the Skies," through Drake's song, "Way 2 Sexy." *See* ECF 3; *Perfvwaybelayouix I*, 2022 WL 17357231, at \*1. Thus, the defendants were the same, and both *Perfvwaybelayouix I* and this case concern the same copyright claim. Because *Perfvwaybelayouix I* was dismissed for failure to state a claim and dismissal was with prejudice, there has been a final judgment on the merits as to the copyright claim against the defendants. *Federated Dep't Stores*, 452 U.S. at 399; *Intell. Ventures*, 99 F. Supp. 3d at 617. Perfvwaybelayouix does not dispute any of these facts in his opposition. *See* ECF 8. Thus, Perfvwaybelayouix's copyright claim is barred by res judicata. The motion to dismiss is granted.

## IV.    Prefiling Injunction

The defendants ask the Court to enter a prefiling injunction to bar Perfvwaybelayouix from future filing claims against them in this Court without leave of Court. ECF 6; ECF 6-1, at 10. They note that, in addition to the April 2022 case, Perfvwaybelayouix filed two other cases in the U.S. District Court for the District of Columbia: one raised the same claims and was dismissed sua sponte, and the other couched the same allegations as defamation claims and was dismissed for failure to state a claim. ECF 6-1, at 5; *see* ECF 6-6 (*Perfvwaybelayouix v. Graham-Drake*, No. 22-cv-3693 (DLF) (D.D.C. Dec. 13, 2022)) ("*Perfvwaybelayouix II*"); *Perfvwaybelayouix v. Kollar-Kotelly*, No. 22-3829 (RC), 2023 WL 6291635 (D.D.C. July 28, 2023) ("*Perfvwaybelayouix III*").

In *Perfvwaybelayouix III*, the court entered a prefiling injunction, enjoining Perfvwaybelayouix "from filing in this District any future federal cases against any of the Defendants named in this case without first seeking and receiving leave of this Court." 2023 WL 6291635, at \*3. The court reasoned that Perfvwaybelayouix "made a large number of vexatious and at times profane filings" that "sometimes include[d] arguably threatening language," which was "consistent with Plaintiff's behavior in the prior copyright infringement action." *Id.* Additionally, other documents Perfvwaybelayouix "filed, which the Court denied leave to file on the public docket, also included pornographic imagery totally irrelevant to any possible claim advanced in the Complaint." *Id.*

The Court may "limit access to the courts by vexatious and repetitive litigants" pursuant to the All Writs Act, 28 U.S.C. § 1651(a), such as through a prefiling injunction. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas v. Fulton*, 260 F. App'x 594,

596 (4th Cir. 2008) (citing *Cromer*, 390 F.3d at 817–18). But, this is a "drastic remedy" that must be "narrowly tailored to fit the specific circumstances at issue" and that courts only should impose "sparingly" under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted).

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818.

The Court will not impose a prefiling injunction at this juncture. This is the first suit Perfvwaybelayouix has filed in this Court, and his filings have not included the type of offensive material he filed in *Perfvwaybelayouix III*. However, Perfvwaybelayouix is on notice that, not only would a repetitive suit be subject to dismissal under the doctrine of res judicata, but it also could form the basis for issuing a prefiling injunction in the future.

## V.    Conclusion

 The defendants' motion to dismiss is granted. Perfvwaybelayouix's complaint is dismissed with prejudice. The defendants' motion for a prefiling injunction is denied.

Although informal, this letter is an Order of the Court and shall be docketed as such. The Clerk shall mail a copy of this Order to Perfvwaybelayouix and close this case.

Sincerely,

Deborah L. Boardman
United States District Judge